**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| VICTOR CESAR ESPINOZA BERNAL,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, Attorney General of the United States; MARKWAYNE MULLINS, in his official capacity as Secretary of the Department of Homeland Security, JOSEPH B. EDLOW, in his official capacity As Director of U.S. Citizenship and Immigration Services; THOMAS SCHUURMANS, in his Official capacity as Director, Nebraska Service Center, U.S. Citizenship and Immigration Services,<br><br>Defendants. | Case No. 26-4470 |

## COMPLAINT FOR MANDAMUS AND DECLARATORY RELIEF

Plaintiff, Victor Cesar Espinoza Bernal ("Plaintiff" or "Mr. Espinoza"), by and through the undersigned counsel, alleges as follows:

### INTRODUCTION

1. This action seeks to compel Defendants to perform their nondiscretionary duty to adjudicate Plaintiff's properly filed renewal Form I-821D, Consideration of Deferred Action for Childhood Arrivals ("Form I-821D"), and the concurrently filed Form I-765, Application for renewal of Employment Authorization ("Form I-765") submitted on December 10, 2025.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR CESAR ESPINOZA BERNAL, : <br><br> Plaintiff, : <br><br> v. : <br><br> TODD BLANCHE, Attorney General of the : <br> United States; MARKWAYNE MULLINS, : <br> in his official capacity as Secretary of the : <br> Department of Homeland Security, : <br> JOSEPH B. EDLOW, in his official capacity : <br> As Director of U.S. Citizenship and Immigration : <br> Services; THOMAS SCHUURMANS, in his : <br> Official capacity as Director, Nebraska Service : <br> Center, U.S. Citizenship and Immigration Services, : <br><br> Defendants. : | Case No. _____ |

## COMPLAINT FOR MANDAMUS AND DECLARATORY RELIEF

Plaintiff, Victor Cesar Espinoza Bernal ("Plaintiff" or "Mr. Espinoza"), by and through the undersigned counsel, alleges as follows:

### INTRODUCTION

1.    This action seeks to compel Defendants to perform their nondiscretionary duty to adjudicate Plaintiff's properly filed renewal Form I-821D, Consideration of Deferred Action for Childhood Arrivals ("Form I-821D"), and the concurrently filed Form I-765, Application for renewal of Employment Authorization ("Form I-765") submitted on December 10, 2025.

2. Plaintiff has been a recipient of Deferred Action for Childhood Arrivals ("DACA") since 2014. Pursuant to his DACA status, Plaintiff was also first granted an Employment Authorization Document ("EAD") in 2014. Since that time, Plaintiff has continuously maintained his DACA status and work authorization by timely filing renewal applications for both. Plaintiff has successfully renewed his DACA status and employment authorization in this manner for more than a decade without incident or interruption, and U.S. Citizenship and Immigration Services ("USCIS") has consistently approved his prior applications.

3. On December 10, 2025, Plaintiff timely filed his Form I-821D application to renew his DACA status together with his Form I-765 application to renew his EAD. At the time of filing, Plaintiff's DACA status and EAD were set to expire on May 12, 2026. Consistent with USCIS's published guidance, Plaintiff submitted his renewal package approximately 150 days before the expiration of his existing DACA and EAD, within the 120- to 150-day period filing window recommended by USCIS. See Plaintiff's EAD with expiration date May 12, 2025, attached as Exhibit A; Plaintiff's Receipt Notice IOE9035443041 for Form I-821D, attached as Exhibit B; and Plaintiff's Receipt Notice IOE9035443042 for Form I-765, attached as Exhibit C.

4. On January 17, 2025, the United States Court of Appeals for the Fifth Circuit issued a decision concerning the DACA Final Rule. Following that decision, USCIS publicly confirmed that, consistent with the court's order, it will continue to accept and adjudicate DACA renewal requests and accompanying applications for employment authorization pursuant to the DACA regulations codified at 8 C.F.R. §§ 236.22 and 236.23. USCIS further stated that current grants of DACA and related Employment Authorization Documents remain valid. See USCIS ALERT available at https://www.uscis.gov/i-821d (last visited June 27, 2026), attached as Exhibit D.

5.      Plaintiff has continuously maintained DACA status since 2014. Accordingly, as he is an existing DACA recipient whose initial grant predates July 16, 2021, his timely filed renewal applications fall within the category of applications that USCIS acknowledges it will continue to adjudicate under 8 C.F.R. §§ 236.22 and 236.23 in compliance with the Fifth Circuit's Order in Texas v. United States, No. 23-40653 (5th Cir. 2025), and in compliance with its own implementing policy.

6.      Pursuant to USCIS's published guidance for DACA renewals, the agency generally seeks to process Form I-821D renewal requests and accompanying Form I-765 applications within 120 days. USCIS further advises applicants that they may submit an inquiry regarding the status of a renewal request if it has been pending for more than 105 days. The guidance identifies several circumstances that may delay adjudication, including missed biometrics appointments, unresolved background check issues, travel abroad, discrepancies in identifying information, or incomplete filings. See USCIS Alert, *available at* https://www.uscis.gov/i-821d (last visited June 27, 2026), attached as Exhibit E; and USCIS Frequently Asked Questions *available at* https://www.uscis.gov/humanitarian/consideration-of-deferred-action-for-childhood-arrivals-daca/frequently-asked-questions (last visited June 29, 2026), attached as Exhibit F.

7.      More than 195 days have elapsed since Plaintiff timely filed his Form I-821D and Form I-765 applications. None of the circumstances identified by USCIS as potential causes of delayed adjudication is present here. Plaintiff timely submitted complete applications, has complied with all USCIS requirements, and has received no requests for additional evidence or other indication that his applications present any unusual issues. Moreover, Plaintiff has submitted status inquiries regarding his pending applications but has received no meaningful response or explanation for the extraordinary delay.

3

8.    As a direct result of Defendants' failure to timely adjudicate Plaintiff's Form I-821D and Form I-765 renewal applications, Plaintiff no longer possesses valid employment authorization and is unable to lawfully continue his employment in the United States.

9.    Plaintiff is employed as an Associate Software Engineer II at JPMorganChase. Upon the expiration of Plaintiff's Employment Authorization Document ("EAD") on May 12, 2026, and because USCIS had not adjudicated his timely filed renewal applications, JPMorganChase suspended Plaintiff from active employment. Effective May 13, 2026, JPMorganChase placed Plaintiff on an unpaid administrative leave of absence, issued his final paycheck, and paid out his accrued leave. See Correspondence from JPMorganChase Immigration Compliance attached as Exhibit G.

10.    JPMorganChase has further notified Plaintiff in writing that, unless he timely provides evidence of renewed employment authorization, his employment will be terminated. See Correspondence from JPMorganChase attached as Exhibit H.

11.    Plaintiff's career as a professional software engineer in the United States is now in jeopardy through no fault of his own.

12.    Since being placed on unpaid leave, Plaintiff has had no employment income. His final paycheck and the payout of his accrued leave have been exhausted, while his ongoing financial obligations continue despite his loss of income. Plaintiff remains responsible for a mortgage, property taxes, and household utility expenses. In addition, having lost employer-sponsored health insurance coverage, Plaintiff must now pay out of pocket for health insurance premiums and necessary medical prescriptions.

13.    Every additional week of delay in adjudicating Plaintiff's pending applications deepens his financial hardship and increases the risk of permanent job loss. Such harm cannot be fully

4

remedied by later adjudication and will continue unless this Court grants relief compelling Defendants to act.

14.     Plaintiff has diligently pursued all available administrative avenues to prompt adjudication of his pending applications, including two separate congressional inquiries, multiple USCIS case-status service requests, a formal expedite request, an employer-submitted expedite request, and a request for assistance submitted to the Department of Homeland Security (DHS) Office of the Citizenship and Immigration Services Ombudsman (CIS Ombudsman). Despite these efforts, none has resulted in any adjudicative action or meaningful progress on Plaintiff's case. See Correspondence from Senator Dave McCormick's office confirming case status inquiry submission, attached as Exhibit I; Confirmation receipt of Senator John Fetterman's case status inquiry attached as Exhibit J; Receipt confirmation of Plaintiff's case status inquiry attached as Exhibit K; Receipt confirmation of Plaintiff's expedited processing request attached as Exhibit L; Employer-submitted letter requesting expedited processing of Plaintiff's Form I-765, attached as Exhibit M; and Plaintiff's request for case assistance submitted to DHS' CIS Ombudsman attached as Exhibit N.

15.     USCIS's only substantive response, issued on June 16, 2026, advised that Plaintiff's case had not been pending longer than the normal processing time for the relevant form type. This representation is inconsistent with USCIS's own published guidance, which indicates that Form I-821D and Form I-765 renewal requests are generally processed within approximately 120 days. See Correspondence from USCIS attached as Exhibit O.

16.     Defendants have failed to adjudicate Plaintiff's Form I-821D and Form I-765 renewal applications for an unreasonable period, despite Plaintiff's repeated inquiries and despite USCIS's mandatory, nondiscretionary duty to adjudicate applications within a reasonable time.

5

As a result of Defendants' unlawful delay, Plaintiff has suffered loss of employment authorization, employment income, health insurance, and other significant benefits.

17.     Plaintiff does not seek an order directing Defendants to grant his applications. Rather, Plaintiff seeks only an order requiring Defendants to perform their nondiscretionary duty to adjudicate them within a reasonable time.

18.     Plaintiff now seeks a writ of mandamus under 28 U.S.C. §1361 and relief under the Administrative Procedure Act compelling Defendants to adjudicate his pending Form I-821D and Form I-765 applications without further delay.

### JURISDICTION

19.     This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 702, 704, and 706(1); and the Mandamus Act, 28 U.S.C. § 1361. The APA requires an agency to carry out its duties within a reasonable time: "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Pursuant to Section 706(1), a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  Plaintiff's pending Form I-821D and Form I-765 renewal applications are governed by the DACA regulations set forth at 8 C.F.R. §§ 236.22 and 236.23.

20.     The APA's limitation on judicial review of matters committed to agency discretion and INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii), do not deprive this Court of jurisdiction. Plaintiff does not ask the Court to direct a particular outcome of his pending applications or otherwise interfere with Defendants' discretionary authority. Rather, Plaintiff seeks only an order compelling Defendants to perform their nondiscretionary duty to adjudicate his pending Form I-821D and Form I-765 applications, which have been unreasonably delayed.

6

21.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).  This Court also has jurisdiction under 28 U.S.C. § 1361, which provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

22.     This Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1) because this action is brought against officers and agencies of the United States acting in their official capacities, Plaintiff resides within this District, and no real property is involved in this action.

## PARTIES

24.     Plaintiff Victor Cesar Espinoza Bernal is a native and citizen of Peru, residing in Philadelphia, Pennsylvania. He is a current DACA recipient and the applicant on a pending Form I-821D renewal request (Receipt No. IOE9035443041) and a concurrently filed Form I-765, Application for Employment Authorization (Receipt No. IOE9035443042), both filed with USCIS on December 10, 2025. See Exhibits B and C.

25.     Defendant Markwayne Mullin, in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), is responsible for the administration and enforcement of the immigration laws of the United States.  DHS is the department within which USCIS operates. As Secretary, Defendant Mullins has ultimate responsibility for the

7

administration of USCIS and for ensuring the adjudication of Plaintiff's pending applications in accordance with applicable law.

26. Defendant Joseph B. Edlow, in his official capacity as Director of USCIS, is responsible for administering the nation's immigration benefit system, including the adjudication of Plaintiff's pending Form 821D and Form I-765 applications.

27. Defendant Thomas Schuurmans, in his official capacity as Director of the USCIS Nebraska Service Center, oversees the USCIS office responsible for adjudicating Plaintiff's pending Form 821D and Form I-765 applications.

## STATUTORY AND REGULATORY FRAMEWORK

28. Deferred Action for Childhood Arrivals ("DACA") is administered by USCIS pursuant to the regulations codified at 8 C.F.R. §§ 236.21–236.25. A request to renew DACA is submitted on Form I-821D. An applicant seeking to renew employment authorization must concurrently file Form I-765, Application for Employment Authorization, and Form I-765 Worksheet. See 8 C.F.R. §§ 236.22, 274a.12(c)(33).

29. Plaintiff has continuously maintained DACA since 2014. As an existing DACA recipient whose initial grant predates July 16, 2021, Plaintiff's timely filed Form I-821D and accompanying Form I-765 are governed by 8 C.F.R. §§ 236.22 and 236.23 and remain subject to adjudication under those regulations and USCIS policy implementing the Fifth Circuit's Order in Texas v. United States, No. 23-40653 (5th Cir. 2025) concerning the DACA Final Rule. See Exhibit D.

30.    The Administrative Procedure Act requires federal agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

31.    Congress has likewise expressed that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

32.    Although the ultimate decision whether to grant or deny Plaintiff's applications is committed to Defendants' discretion, Defendants have a clear, mandatory, and nondiscretionary duty to adjudicate properly filed applications within a reasonable time. Plaintiff seeks only to compel Defendants to perform that duty and does not ask this Court to direct the outcome of his applications.

## STATEMENT OF FACTS

33.    Plaintiff lawfully entered the United States in 2000 as a child in H-4 nonimmigrant status. He has resided continuously in the United States since that time. After aging out of his dependent status, Plaintiff remained in the United States and later became eligible for Deferred Action for Childhood Arrivals ("DACA"). Plaintiff has no criminal history.

34.    Plaintiff was first granted DACA and employment authorization in 2014. Since then, he has continuously maintained DACA status and employment authorization through timely renewal applications approved by USCIS.

35.    On December 10, 2025, Plaintiff timely filed his Form I-821D application to renew his DACA status together with his Form I-765 application to renew his Employment Authorization Document ("EAD"), Receipt Nos. IOE9035443041 and IOE9035443042. Plaintiff's existing

9

DACA and EAD were scheduled to expire on May 12, 2026. Plaintiff filed his renewal applications approximately five months before that expiration date, consistent with USCIS's recommended filing window for DACA renewals. See Exhibit A, Exhibit B, Exhibit C and Exhibit E.

36.     USCIS accepted Plaintiff's applications for processing and issued receipt notices for both applications. Plaintiff submitted complete applications with all required forms, supporting documentation, and filing fees. USCIS has not rejected the applications, requested additional evidence, or otherwise identified any deficiency or issue requiring further action by Plaintiff.

37.     Plaintiff has successfully completed biometrics and background checks in connection with each of his prior DACA renewals. USCIS has not notified Plaintiff of any background, security, or eligibility concern affecting adjudication.

38.     More than 195 days have elapsed since Plaintiff filed his renewal applications, and Defendants have not adjudicated either application.

39.     None of the circumstances identified by USCIS as potential causes of delayed adjudication is present in this case. Plaintiff timely filed complete renewal applications, complied with all biometrics and agency requirements, has received no Request for Evidence or notice of deficiency, and has not been advised of any security, background, or eligibility issue affecting adjudication.

40.     USCIS's published guidance states that it generally seeks to adjudicate DACA renewal requests and accompanying applications for employment authorization within approximately 120 days and advises applicants that they may submit an inquiry if a renewal request has been pending for more than 105 days. USCIS further states on its official DACA webpage that historical data reflects a "median processing time for DACA renewals and associated

10

Employment Authorization Documents in fiscal year 2023 was 1 month, and less than 2 months for the first quarter of FY 2024." Plaintiff's Form I-821D and Form I-765 applications have now been pending well beyond USCIS's stated processing goals and historical median processing times. See Exhibit E and Exhibit F.

41.     Plaintiff has diligently pursued every available administrative avenue to obtain adjudication of his pending applications. He has sought assistance through two congressional inquiries, multiple USCIS service requests, a formal expedite request, an employer-supported expedite request, and a request for assistance from the Department of Homeland Security Office of the Citizenship and Immigration Services Ombudsman. Despite these repeated efforts, Defendants have not adjudicated Plaintiff's applications.

42.     Specifically:

a.      On April 16, 2026, Plaintiff sought assistance from the office of United States Senator Dave McCormick, which submitted a congressional inquiry to USCIS. See Exhibit I.

b.      On April 24, 2026, Plaintiff sought assistance from the office of United States Senator John Fetterman, which also submitted a congressional inquiry to USCIS. USCIS assigned reference number 43371739. See Exhibit J.

c.      On May 14, 2026, Plaintiff called USCIS to inquire about the status of his pending applications and advised the agency of his intent to file a complaint for mandamus. USCIS assigned the call reference number 43657275.

d.      On June 4, 2026, Plaintiff submitted a formal expedite request based upon severe financial hardship and the imminent loss of his employment. USCIS assigned reference number 43936932. See Exhibit L.

11

e.      On June 5, 2026, Plaintiff submitted a request for case assistance to the DHS Office of the Citizenship and Immigration Services Ombudsman on DHS Form 7001. The Ombudsman assigned case number 20260209759. See Exhibit N.

f.      On June 8, 2026, Plaintiff submitted an employer expedite request letter through the USCIS website. The letter, from Plaintiff's employer, JPMorganChase, confirmed Plaintiff's employment, the December 10, 2025 filing date, and the May 12, 2026 expiration of his EAD, and stated that, absent reverification, the firm would be required to place Plaintiff on unpaid leave or terminate his employment. See Exhibit M.

g.      On June 12, 2026, Plaintiff again contacted USCIS directly and submitted a further service inquiry regarding the prolonged delay. USCIS acknowledged the inquiry and stated it might take at least 60 days to process. USCIC assigned Inquiry ID No. (T1B1632603280RPA). See Exhibit K.

43.     On June 16, 2026, USCIS responded only with a form communication stating that Plaintiff's applications had not been pending longer than normal processing times for the request type and stated that it would notify Plaintiff when action had been taken. USCIS did not provide a decision, an explanation for the delay, or an anticipated adjudication date. See Exhibit O.

44.     Plaintiff filed his Form I-821D and Form I-765 renewal applications on December 10, 2025, after the Department of Homeland Security eliminated the automatic extension of employment authorization previously available to certain timely filed Form I-765 renewal applicants. As a result, Plaintiff did not receive any automatic extension of his Employment Authorization Document while his renewal applications remained pending. Consequently, Plaintiff's ability to work lawfully in the United States ended when his EAD expired on May 12, 2026, despite his timely filing of the renewal applications.

45.     Effective May 13, 2026, JPMorganChase placed Plaintiff on an unpaid administrative leave of absence from his position as an Associate Software Engineer II because Defendants had not adjudicated his timely filed renewal applications before his employment authorization expired. Plaintiff's employer has advised that his employment is subject to termination if he is unable to timely reverify his employment authorization. See Exhibit M.

46.     Plaintiff has built his professional career and established his life in the United States over more than two decades. Through years of education and professional achievement, he secured a long-term position as an Associate Software Engineer II with JPMorgan Chase. That career is now in jeopardy solely because Defendants have failed to adjudicate his timely filed renewal application.  Since being placed on unpaid leave, Plaintiff has received no employment income. His final paycheck and accrued leave payout have been exhausted, leaving him without any source of earnings while the delay continues. Plaintiff nevertheless remains responsible for his mortgage, property taxes, household utilities, and other ongoing living expenses. In addition, having lost employer-sponsored health insurance coverage, Plaintiff must now pay out of pocket for his health insurance premiums and prescription medications.

47.     As a direct and proximate result of Defendants' failure to adjudicate Plaintiff's timely filed applications, Plaintiff has lost his employment authorization, been removed from active employment without pay, and faces the imminent and continuing threat of permanent termination from a professional career he spent significant time and effort building. Plaintiff has suffered, and continues to suffer, substantial financial harm, including the complete loss of income and employment benefits, as well as significant emotional distress and uncertainty. These injuries are ongoing and will continue until Defendants adjudicate Plaintiff's pending Form I-821D and Form I-765 applications.

13

## LAW AND ARGUMENT

I.    **Defendants Have a Mandatory Duty Under the Administrative Procedure Act to Adjudicate Plaintiff's Applications Within a Reasonable Time**

48.    The Administrative Procedure Act imposes on federal agencies a mandatory duty to conclude matters presented to them within a reasonable time. 5 U.S.C. § 555(b). The APA further authorizes courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

49.    To obtain relief under the APA for agency inaction, a plaintiff must establish: 1) a non-discretionary duty to take a discrete agency action and 2) unreasonable agency delay in acting on that duty. Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004).

50.    Numerous courts have recognized that immigration authorities have a non-discretionary duty to adjudicate properly filed applications, even where the underlying decision whether to grant or deny the requested benefit is discretionary.    See Barrios Garcia v. U.S. Department of Homeland Security, 25 F.4th 430, 443 (6th Cir. 2022); Beyene v. Napolitano, No. C 12–01149 WHA, 2012 WL 2911838, at *3 (N.D.Cal. July 13, 2012) (finding that, while the "ultimate decision to grant or deny an application for adjustment of status is unquestionably discretionary," the "pace of adjudicating an adjustment application" is not); Singh v. Still, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) (noting in the context of asylee adjustment the distinction between the agency's discretion over how to adjudicate an application and its discretion over whether it adjudicates an application, which court found to be nondiscretionary). Courts have likewise held that the APA's discretionary-function provisions do not bar judicial review of claims challenging unreasonable agency delay. See Kashkool v. Chertoff, 553 F.Supp. 2d 1131, 1137 (D. Ariz. 2008) (finding that while review of a denial of an adjustment application might be precluded,

14

review of delay is not); Ahmadi v. Chertoff, 522 F. Supp. 2d 816, 818-19 & n.4 (N.D. Tex. 2007) (same); Hassane v. Holder, No. C10-314Z, 2010 WL 2425993, at *3 (W.D. Wash. June 11, 2010) see, e.g., Sultan v. Roark, No. 2:09-cv-02158, 2010 WL 1992195, at *3 (E.D. Cal. May 13, 2010); Khan v. Scharfen, No. 08-1398, 2009 WL 941574, at *4-5 (N.D. Cal. Apr. 6, 2009); Sawad v. Frazier, No. 07-1721, 2007 WL 2973833, at *2 (D. Minn. Oct. 9, 2007).

51.     Here, Plaintiff does not seek to compel approval of his applications, but only to compel Defendants to perform their mandatory duty to adjudicate them.

52.     In evaluating unreasonable delay, courts apply the following factors set forth in Telecommunications Research & Action Center v. FCC ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984): (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

53.     The TRAC factors weigh in Plaintiff's favor.

54.     The first TRAC factor, the "rule of reason," is meant to protect public confidence in the agency's ability to timely discharge its duties. Potomac Electric Power Co. v. ICC ("PEPCO"), 702 F.2d 1026, 1034 (D.C. Cir. 1983) ("Quite simply, excessive delay saps the public confidence in an agency's ability to discharge its responsibilities and creates uncertainty for the parties, who

15

must incorporate the potential effect of possible agency decision making into future plans."). Here, USCIS's own guidance provides the relevant rule of reason. It states that the agency generally seeks to adjudicate DACA renewal requests within approximately 120 days and advises applicants to inquire after 105 days. Plaintiff's applications have been pending for more than 195 days, well beyond these benchmarks and the agency's historical median processing times of 1 month in fiscal year 2023 and less than 2 months for the first quarter of fiscal year 2024.

55.     In terms of the second factor, Congress has indicated that immigration benefit applications should generally be completed within 180 days. 8 U.S.C. § 1571(b). Plaintiff's applications exceed that timeframe.

56.     Regarding the third and fifth factors, the delay has caused significant prejudice to Plaintiff's employment, income, and ability to maintain health coverage. Plaintiff has lost employment authorization, been placed on unpaid leave, and is currently without income or employer-provided benefits, with continuing financial obligations and loss of health insurance. These injuries are not speculative; they are ongoing and continue to worsen with each day Defendants fail to adjudicate Plaintiff's applications. Courts recognize that such harms to livelihood and health favor a finding of unreasonable delay. See Barrios Garcia, 25 F.4th at 451.

57.     The fourth and sixth TRAC factors likewise favor Plaintiff. Compelling Defendants to adjudicate Plaintiff's long-pending applications would not meaningfully interfere with competing agency priorities. Plaintiff seeks adjudication of renewal applications that have remained pending well beyond USCIS's own published processing goals, and DACA renewal requests and accompanying employment authorization applications are not subject to any cap or visa queue. Any delay in adjudicating Plaintiff's applications is the product of Defendants' own administrative shortcomings, not a justification for continued inaction. See Barrios Garcia v. U.S. Department of

16

Homeland Security, 25 F.4th at 451, 454 (6th Cir. 2022). Moreover, ordering Defendants to perform their nondiscretionary duty to adjudicate Plaintiff's applications would neither dictate the outcome of those applications nor require the Court to supervise the agency's substantive decision-making. Finally, Plaintiff need not establish bad faith or impropriety to demonstrate unreasonable delay. See TRAC, 750 F.2d at 80.

58.     Defendants have offered no legitimate explanation for the continued delay. Plaintiff timely filed complete renewal applications, complied with every USCIS requirement, and diligently pursued all available administrative remedies, including congressional inquiries, service requests, an expedite request, an employer-supported expedite request, and assistance from the DHS Office of the Citizenship and Immigration Services Ombudsman. Despite these efforts, USCIS has provided only a boilerplate response asserting that Plaintiff's applications remain within normal processing times, despite USCIS's own published guidance and historical processing data demonstrating otherwise.

## II.     Plaintiff Satisfies the Requirements for Mandamus Relief

59.     Mandamus is appropriate where: (1) the plaintiff has "a clear right to the relief sought; (2) ... the defendant has a duty to do the act in questions; and (3) no other adequate remedy is available." Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002); see also Heckler v. Ringer, 466 U.S. 602, 616 (1984); In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000)

60.     Plaintiff satisfies each of these requirements. First, Plaintiff has a clear right to have his properly filed Form I-821D and Form I-765 applications adjudicated within a reasonable time. Although the ultimate decision whether to grant or deny those applications is committed to Defendants' discretion, Plaintiff has a right to a timely decision.

17

61.     Second, Defendants owe Plaintiff a clear, ministerial, and nondiscretionary duty to adjudicate his properly filed applications. The Administrative Procedure Act requires federal agencies to conclude matters presented to them "within a reasonable time," 5 U.S.C. § 555(b), and authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Numerous courts have recognized that while immigration officials retain discretion over the outcome of an application, they do not have discretion to decline to adjudicate it. See Iddir v. INS, 301 F.3d 492, 499–500 (7th Cir. 2002); Barrios Garcia v. U.S. Department of Homeland Security, 25 F.4th 430, 443 (6th Cir. 2022); Beyene v. Napolitano, No. C 12-01149 WHA, 2012 WL 2911838, at *3 (N.D. Cal. July 13, 2012).

62.     Third, Plaintiff has no other adequate remedy available. Plaintiff timely filed complete renewal applications, has complied with every USCIS requirement, and has diligently pursued all available administrative remedies, including congressional inquiries, USCIS service requests, expedited processing requests, an employer-supported expedite request, and assistance from the DHS Office of the Citizenship and Immigration Services Ombudsman. Despite these efforts, Defendants have failed to adjudicate Plaintiff's applications. No administrative procedure exists by which Plaintiff can compel Defendants to decide his applications. Accordingly, absent judicial intervention, Plaintiff has no adequate remedy.

## III.     Declaratory Relief is Appropriate

63.     Because Defendants continue to withhold adjudication of Plaintiff's properly filed Form I-821D and Form I-765 applications despite their legal duty to act, an actual and justiciable controversy exists regarding the parties' respective rights and obligations under the APA, the INA, and the applicable DACA regulations. Accordingly, in addition to mandamus and relief under the APA, Plaintiff is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Defendants'

18

continued failure to adjudicate Plaintiff's applications within a reasonable time is unlawful and that Plaintiff is entitled to a prompt adjudication of those applications.

## CLAIMS FOR RELIEF

### COUNT ONE

### Mandamus (28 U.S.C. § 1361)

64.    Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

65.    Defendants owe Plaintiff a clear, nondiscretionary duty to adjudicate his properly filed Form I-821D and Form I-765 applications within a reasonable time. Plaintiff has a clear right to a decision on those applications, and no other adequate remedy exists to compel Defendants to perform that duty.

66.    Defendant have failed to perform their mandatory duty by unreasonably delaying adjudication of Plaintiff's applications. Accordingly, Plaintiff is entitled to a writ of mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants to adjudicate his pending Form I-821D and Form I-765 applications.

### COUNT TWO

### Administrative Procedure Act (5 U.S.C. §§ 555(b), 706(1))

67.    Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

68.    The Administrative Procedure Act requires Defendants to conclude matters presented to them within a reasonable time. 5 U.S.C. § 555(b).

19

69.    By failing to adjudicate Plaintiff's properly filed Form I-821D and Form I-765 applications within a reasonable time, Defendants have unlawfully withheld and unreasonably delayed agency action in violation of 5 U.S.C. §§ 555(b) and 706(1).

70.    Pursuant to 5 U.S.C. § 706(1), Plaintiff is entitled to an order compelling Defendants to adjudicate his pending applications without further delay.

## COUNT THREE

### Declaratory Judgment (28 U.S.C. §§ 2201–2202)

71.    Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

72.    An actual and justiciable controversy exists between Plaintiff and Defendants regarding Defendants' failure to adjudicate Plaintiff's Form I-821D and Form I-765 applications within a reasonable time.

73.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaration that Defendants' continued failure to adjudicate Plaintiff's applications within a reasonable time violates the Administrative Procedure Act and that Defendants have a legal duty to promptly adjudicate those applications.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

(1)    Assume jurisdiction over this action;

20

(2)     Declare that Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's Form I-821D renewal request and accompanying Form I-765 application in violation of the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), and that Plaintiff is entitled to a prompt adjudication of those applications pursuant to 28 U.S.C. §§ 2201–2202;

(3)     Issue a writ of mandamus directing Defendants to adjudicate Plaintiff's pending Form I-821D and Form I-765 applications within seven (7) days of the Court's Order, or within such other period as the Court deems just and appropriate;

(4)     Pursuant to 5 U.S.C. § 706(1), compel Defendants to adjudicate Plaintiff's pending Form I-821D and Form I-765 applications within seven (7) days of the Court's Order, or within such other period as the Court deems just and appropriate.

(5)     Retain jurisdiction over this action until Defendants have fully complied with the Court's Order and have adjudicated Plaintiff's Form I-821D and Form I-765 applications;

(6)     Award Plaintiff his reasonable attorney's fees and costs as authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(7)     Grant such other and further relief as this Court deems just and proper.


Dated: June 29, 2026                          Respectfully submitted,


                                              /s/ Lauren V. Amjed
                                              Lauren V. Amjed, Esq.
                                              Attorney for Plaintiff
                                              Sweet & Paciorek, LLC
                                              PO Box 1216
                                              Avondale, PA 19311
                                              Lauren@sweetpaciorek.com


21



Exhibit A





# B

Exhibit B

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.



| Receipt Number IOE9035443041 | | Case Type 1821D - CONSIDERATION OF DEFERRED ACTION FOR CHILDHOOD ARRIVALS |
|---|---|---|
| Received Date 12/10/2025 | Priority Date | Requestor A204 760 056 ESPINOZA BERNAL, VICTOR CESAR |
| Notice Date 12/10/2025 | Page 1 of 2 | |

| | |
|---|---|
| ESPINOZA BERNAL, VICTOR CESAR 2215 N HOWARD ST PHILADELPHIA  PA  19133-3727 | Notice Type: Receipt Notice Amount received: $85.00 U.S. |

We have mailed an official notice about this case (and any relevant documentation) according to the mailing preferences you chose on Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. This is a courtesy copy, not the official notice.

### What the Official Notice Said

We have received the application or petition ("your case") listed above. This notice only shows that your case was filed on the "Received Date" listed above. It does NOT grant you any immigration status or immigration benefit, and it is not evidence that your case is still pending. We will notify you in writing when we make a decision on your case or if we need additional information.

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us, as well as proof of delivery. Have these records available when you contact us about your case.

If any of the information in your notice is incorrect or you have any questions about your case, you can connect with the USCIS Contact Center at www.uscis.gov/contactcenter or ask about your case online at www.uscis.gov/e-request. You will need your Alien Registration Number (A-Number) and/or the receipt number shown above.

You can receive updates on your case by visiting www.uscis.gov/casestatus to get the latest status or you can create an account at my.uscis.gov/account and receive email updates for your case.

Automatic Employment Authorization Document (EAD) Extension - This notice, by itself, does not grant any immigration status or benefit, nor is it evidence that this case is still pending. However, if you are eligible, you may to use this notice in conjunction with your facially expired Form I-766, Employment Authorization Document (EAD), as proof of an automatic extension of employment authorization and/or EAD, as applicable.

You are eligible for an automatic extension of your employment authorization and/or EAD if:
- You have timely and properly filed to renew your current employment authorization and/or EAD;
- Your EAD renewal request is under a category that is eligible for an automatic extension (see uscis.gov/eadautoextend for a list of eligible categories);
- The category on your current EAD matches the "Class Requested" listed on this notice (if you are a Temporary Protected Status (TPS) beneficiary or applicant, your EAD and this notice must contain either the A12 or C19 class, but they do not need to match each other); and
- Your EAD renewal application is still pending with USCIS when your current EAD expires.

If eligible, you may present this notice to an employer with your expired EAD (and Form I-94, Arrival/Departure Record, if applicable) for employment eligibility verification (Form I-9) purposes.

If eligible, your automatic extension is for up to 540 days from the expiration date printed on the front of your EAD. If we deny your EAD renewal application, the automatic extension immediately ends, and you can no longer present this notice to your employer for Form I-9 purposes. If your EAD is also your Advance Parole document, the automatic extension does not apply to advance parole.

If you are applying to renew A17, A18, or C26 employment authorization and you are relying upon the automatic extension to demonstrate your employment authorization during the automatic extension period, you must show this receipt notice, an unexpired I-94 showing valid E, L-2, or H-4 status, and a facially expired A17, A18, or C26 EAD that matches this receipt notice. Your EAD automatic extension terminates the earliest of: the end date on your I-94, the date we adjudicate this application, or 540 days after the expiration date on your EAD.

For more information, please see our website at uscis.gov/eadautoextend.

Processing time - Processing times vary by form type.
- Visit www.uscis.gov/processingtimes to see the current processing times by form type and field office or service center.
- If you do not receive an initial decision or update within our current processing time, you can try our online tools available at www.uscis.gov/tools or ask about your case online at www.uscis.gov/e-request.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

SCOPS TEXAS FACILITY
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N BELT LINE RD.
IRVING TX 75038-0001
USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C  10/13/21



Department of Homeland Security
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | | Case Type | |
|---|---|---|---|
| IOE9035443041 | | I821D - CONSIDERATION OF DEFERRED ACTION FOR CHILDHOOD ARRIVALS | |
| Received Date 12/10/2025 | Priority Date | Requestor  A204 760 056 ESPINOZA BERNAL, VICTOR CESAR. | |
| Notice Date 12/10/2025 | Page 2 of 2 | | |

- When we make a decision on your case or if we need something from you, we will notify you by mail and update our systems.

You can receive updates on your case.

- Visit the Case Status Online website at www.uscis.gov/casestatus. Provide your receipt number and get the latest update on your case.
- Create an account at my.uscis.gov/account and receive email updates on your case.

Biometrics - We require biometrics (fingerprints, a photo, and a signature) for some types of cases. If we need biometrics from you, we will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must wait for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are:

- A passport or national photo ID issued by your country,
- A driver's license,
- A military photo ID, or
- A state-issued photo ID card.

If you receive more than one ASC appointment notice (even for different cases), take them both to the first appointment date.

If your address changes - If you move while your case is pending, please visit www.uscis.gov/addresschange for information on how to update your address. Remember to update your address for all your receipt numbers.

Return of Original Documents - Use Form G-884, Request for the Return of Original Documents, to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For example: If you wish to obtain your mother's birth certificate and your mother's/father's marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

NOTICE: The information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

SCOPS TEXAS FACILITY
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N BELT LINE RD.
IRVING TX 75038-0001

USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.                Form I-797C  10/13/21

C

Exhibit C



Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | | Case Type |
|---|---|---|
| IOE9035443042 | | 1765 - APPLICATION FOR EMPLOYMENT AUTHORIZATION |
| Received Date | Priority Date | Applicant   A204 760 056 |
| 12/10/2025 | | ESPINOZA BERNAL, VICTOR CESAR |
| Notice Date | Page | |
| 12/10/2025 | 1 of 2 | |

ESPINOZA BERNAL, VICTOR CESAR
2215 N HOWARD ST
PHILADELPHIA  PA  19133-3727

Notice Type: Receipt Notice
Amount received: $470.00 U.S.
Class requested: C33

We have mailed an official notice about this case (and any relevant documentation) according to the mailing preferences you chose on Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. This is a courtesy copy, not the official notice.

### What the Official Notice Said

We have received the application or petition ("your case") listed above. This notice only shows that your case was filed on the "Received Date" listed above. It does NOT grant you any immigration status or immigration benefit, and it is not evidence that your case is still pending. We will notify you in writing when we make a decision on your case or if we need additional information.

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us, as well as proof of delivery. Have these records available when you contact us about your case.

If any of the information in your notice is incorrect or you have any questions about your case, you can connect with the USCIS Contact Center at www.uscis.gov/contactcenter or ask about your case online at www.uscis.gov/e-request. You will need your Alien Registration Number (A-Number) and/or the receipt number shown above.

You can receive updates on your case by visiting www.uscis.gov/casestatus to get the latest status or you can create an account at my.uscis.gov/account and receive email updates for your case.

This Notice of Action Receipt Notice is not evidence of employment authorization and cannot be used by itself or in conjunction with an expired Employment Authorization Document (EAD) as proof of employment authorization.

Processing time - Processing times vary by form type.

- Visit www.uscis.gov/processingtimes to see the current processing times by form type and field office or service center.
- If you do not receive an initial decision or update within our current processing time, you can try our online tools available at www.uscis.gov/tools or ask about your case online at www.uscis.gov/e-request.
- When we make a decision on your case or if we need something from you, we will notify you by mail and update our systems.

Biometrics - We require biometrics (fingerprints, a photo, and a signature) for some types of cases. If we need biometrics from you, we will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must wait for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are:

- A passport or national photo ID issued by your country,
- A driver's license,
- A military photo ID, or
- A state-issued photo ID card.

If you receive more than one ASC appointment notice (even for different cases), take them both to the first appointment date.

If your address changes - If you move while your case is pending, please visit www.uscis.gov/addresschange for information on how to update your address. Remember to update your address for all your receipt numbers.

Return of Original Documents - Use Form G-884, Request for the Return of Original Documents, to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https:// www.uscis.gov/file-online.

SCOPS TEXAS FACILITY
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N BELT LINE RD.
IRVING TX 75038-0001
USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C    10/13/21

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | | Case Type |
|---|---|---|
| IOE9035443042 | | 1765 - APPLICATION FOR EMPLOYMENT AUTHORIZATION |
| Received Date | Priority Date | Applicant  A204 760 056 |
| 12/10/2025 | | ESPINOZA BERNAL, VICTOR CESAR |
| Notice Date | Page | |
| 12/10/2025 | 2 of 2 | |

example: If you wish to obtain your mother's birth certificate and your mother's/father's marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

NOTICE: The information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

SCOPS TEXAS FACILITY
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N BELT LINE RD.
IRVING TX 75038-0001
USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C  10/13/21



Exhibit D

Countdown to America's 250th Anniversary!

| 4 | 13 | 34 |
|---|---|---|
| Days | Hours | Minutes |



**U.S. Citizenship
and Immigration
Services**

MENU

Home > Forms > Consideration of Deferred Action for Childhood Arrivals

# I-821D, Consideration of Deferred Action for Childhood Arrivals

**ℹ ALERT: Important Reminders Regarding the DACA Renewal Process**

**See more** ⌄

**ℹ ALERT: Important Update on Deferred Action for Childhood Arrivals**

On Jan. 17, 2025, the U.S. Court of Appeals for the Fifth Circuit issued a decision regarding the DACA Final Rule. Pursuant to the court's order, USCIS will continue to accept and process DACA renewal requests and accompanying applications for employment authorization under the DACA regulations at 8 CFR 236.22 and 236.23. USCIS will continue to accept initial requests but will not process initial DACA requests at this time. Current grants of DACA and related Employment Authorization Documents remain valid until they expire, unless individually terminated.

**ℹ ALERT: Court decisions regarding DACA.**

**See more** ⌄

Use this form to request that we consider a renewal of your deferred action status on a case-by-case basis.

Deferred action is an act of prosecutorial discretion to defer removal of an individual. Individuals who receive deferred action will not be removed from the United States for a specified period of time, unless the Department of Homeland Security (DHS) chooses to terminate the grant of deferred action.

Case 2:26-cv-04470-JLS    Document 1    Filed 06/29/26    Page 34 of 63

# E

Exhibit E



U.S. Citizenship
and Immigration
Services

Sign In

Topics    Forms    Newsroom    Citizenship    Green
Card    Laws    Tools

Home Forms Consideration of Deferred Action for Childhood Arrivals

# I-821D, Consideration of Deferred Action for Childhood Arrivals

**ALERT: Important Reminders Regarding the DACA Renewal Process**

We continue to adjudicate the majority of DACA renewal requests within 120 days and make every effort to efficiently process these requests as we receive them. USCIS Historical Data shows the median processing time for DACA renewals and associated Employment Authorization Documents in fiscal year 2023 was 1 month, and less than 2 months for the first quarter of FY 2024.

As USCIS has long recommended, we strongly encourage DACA recipients to submit your DACA renewal request to us between 120 and 150 days (4 to 5 months) before the expiration date located on your current Form I-797 DACA approval notice. Filing during this window reduces the risk that your current period of DACA and employment authorization will expire before you receive a decision on your renewal request. Please note that filing earlier than 150 days before your current DACA expiration date will not result in a faster decision. For additional information on DACA, including the requirements for renewal, please visit uscis.gov/DACA.

F

Exhibit F

# III. Renewal of DACA

**Q52: When should I file my DACA renewal request?**

A52: We strongly encourage you to submit your DACA renewal request between 120 and 150 days (4 to 5 months) before the expiration date located on your current Form I-797 DACA approval notice and EAD. Filing during this window reduces the risk that your current period of DACA will expire before you receive a decision on your renewal request. Filing earlier than 150 days before your current DACA expiration date will not result in a faster decision.

DACA recipients may submit a DACA renewal request online. To file Form I-821D and Form I-765 online, a DACA requestor must first create a USCIS online account, which provides a convenient and secure method to submit forms, pay fees and track the status of any pending USCIS immigration request throughout the adjudication process. There is no cost to set up an account, which offers a variety of features, including the ability to communicate with USCIS through a secure inbox and respond online to Requests for Evidence. For additional information on filing a DACA renewal request online, go to the Form I-821D webpage. All online DACA renewal requests must include Form I-821D, Form I-765, and Form I-765WS and accompanying fees.

- USCIS' current goal is to process DACA renewal requests within 120 days. You may submit an inquiry online about the status of your renewal request after it has been pending more than 105 days. Please Note: Factors that may affect the timely processing of your DACA renewal request include, but are not limited to:
  - If you fail to appear at an ASC for a scheduled biometrics appointment to obtain fingerprints and photographs. It will take longer to process your request if you miss or reschedule your appointments;
  - Issues of national security, criminality or public safety discovered during the background check process that require further vetting;
  - Issues of travel abroad that need additional evidence or clarification;
  - Name or date of birth discrepancies that may require additional evidence or clarification; or
  - A renewal submission that is incomplete or contains evidence that suggests a requestor may not satisfy the DACA renewal guidelines and we must request additional evidence or an explanation.

# G

Exhibit G

☺ | ↩ Reply | ↩ Reply All | → Forward | 🗑

**JPMC Immigration Compliance**
Wed 4/29/2026
To ☺ Espinoza, Victor C
Cc ☺ Dubay, Vandana
Retention Policy JPMC_Inbox_180 (6 months)                                              Expires 10/26/2026
You can schedule an appointment here: https://schedule2.fieldprint.com/

Fieldprint code for scheduling: fpi941d40009

Per USCIS, employers are not legally able to state which documents an employee must present at their Form I-9 appointment. Employees should review the list of acceptable documents provided by USCIS and identify what they will present based off of their specific situation.
of acceptable documents that can be used to complete the Form I-9 can be found here: https://www.uscis.gov/i-9-central/form-i-9-acceptable-documents

If you are unable to reverify prior to the I-9 expiration date, we could initiate the unpaid LOA for you.

Unpaid Administrative Leave of Absence (LOA) details:
- Effective date of LOA: May 13, 2026
- You would be paid out for any accrued and unused vacation, personal, and floating time upon initiation of unpaid leave. Note: this payout may occur after your leave has been initiated.
- Expat assignments are excluded from this payout.
- For more information, please review the LOA FAQ: https://jpmcesm.service-now.com/hr?id=kb_article&sysparm_article=KB0011146#unpaidleavefaqs

Employee Instructions:
- Schedule and Complete I-9 Reverification: if you schedule a future appointment, please notify us immediately by submitting a Work Authorization Assistance request.

Before Returning to Work:
- You must complete your I-9 reverification.
- Do not resume work without confirmation of I-9 completion from the JPMC HR Immigration team.
- Once you have completed your Form I-9 appointment, you can visit the external JPMC Homepage at hr.jpmorganchase.com to open a Work Authorization Assistance Request. Our team will review your Form I-9 for completion and confirm if you are able to return from leave.
- You or your manager can provide status updates to our team.

Manager Instructions:
- Determine if you are able to support the leave of absence. If you are not, please see the options below and notify our team as soon as possible.
- If the employee completes the I-9 reverification during the leave, notify our team so that we can review and confirm completion prior to the employee returning to work.
- It is advised not to backfill the role while a leave is being supported.

If Leave Is Not Supported:
- Resignation: The employee may choose to resign.
- Termination: If neither option applies, the employee will be terminated no later than the day after their work authorization expiration date.
- Employees should review the Leaving the Company article for guidance: https://hr.jpmorganchase.com/hr?id=kb_article&table=kb_knowledge&sysparm_article=KB0010863&searchTerm=leaving%20the%20firm

To provide us with updates, or if you need additional assistance submit a Work Authorization Assistance request.

You may also visit https://jpmcesm.service-now.com/hr?id=kb_article&table=kb_knowledge&sysparm_article=KB0011050 for additional information.

# H

Exhibit H

From: Dubay, Vandana <vandana.dubay@jpmchase.com>
Date: Wed, Jun 10, 2026 at 11:55 AM
Subject: RE: [EXTERNAL]LOA extension request
To: Victor Espinoza <vespinoza0391@gmail.com>

We're glad to have you on our team, Victor. I hope you'll be able to rejoin us soon once your EAD extension is approved—we have until July 15, but I'm hoping to see you back even sooner.

JPMorgan Chase has a strong culture, and supporting Dreamers is one of the threads that makes our cultural fabric even stronger.

Regards,

Vandana S. Dubay |  ☎: 302-516-3745 (O)  |  ▌: 267-515-2890 (M)

Vice President | Application Delivery Manager | Global Finance Technology (GFT) | Corporate Technology (CT) – CCB Finance

J.P. Morgan Chase Bank N.A. | DTC 2 - Floor 4A, 880 Powder Mill Rd, Wilmington, DE |✉·vandana.dubay@jpmchase.com

From: Victor Espinoza <vespinoza0391@gmail.com>
Sent: Tuesday, June 09, 2026 12:29 PM
To: Dubay, Vandana <vandana.dubay@jpmchase.com>
Subject: [EXTERNAL]LOA extension request

Hello Vandana,

Thank you for your support throughout my Leave of Absence thus far and for providing the employer expedite request letter to USCIS. I truly appreciate your assistance during this difficult and uncertain process.

I am reaching out to respectfully request an extension of my Leave of Absence for an additional month. While I remain hopeful that my Employment Authorization Document (EAD) renewal will be approved soon, I would be grateful for the opportunity to continue my employment with JPMorgan Chase while my case remains pending.

Unfortunately, despite filing my renewal application well in advance and beyond normal processing expectations, I have not yet received a decision from USCIS. To date, I have pursued every available avenue to obtain an update, including multiple USCIS inquiries, two congressional casework requests, and an expedited request supported by the firm.

As a DACA recipient, I have successfully renewed my work authorization since 2014 without employer sponsorship and have been fortunate to build a professional career that ultimately led me to JPMorgan Chase. I am proud to be part of a community of Dreamers who have contributed meaningfully to the firm's success and growth. JPMorgan Chase has previously highlighted the contributions of Dreamers across the company, and I am grateful to be among those who have had the opportunity to develop and contribute here.

The current delays are affecting many DACA recipients nationwide and have been widely reported. Unfortunately, individuals who have complied with all renewal requirements are experiencing extended processing times that place their employment at risk despite filing on time.

Working with you and the team has been one of the most rewarding experiences of my career. I greatly appreciate the investment you have made in my professional development and technical growth, and I hope to continue contributing to the team and the firm for many years to come. I respectfully ask for your consideration of an additional leave extension while I continue to monitor my case and pursue all available options with USCIS. Thank you again for your support, understanding, and advocacy on my behalf.

Sincerely,
Victor Espinoza
3524227851
vespinoza0391@gmail.com

references
https://www.jpmorganchase.com/newsroom/stories/jpmc-dreamers
https://www.cnn.com/2026/05/16/business/daca-processing-delays
https://www.npr.org/2026/05/19/g-s1-121405/immigration-trump-daca-generation-limbo

—
**Victor Espinoza, M.S.E.E.**
This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.

I

Exhibit I

6/4/26, 11:42 AM                                    Gmail - Confirmation of Submission (Intranet Quorum IMA00120332)

 Gmail                                                    Victor Espinoza <vespinoza0391@gmail.com>

**Confirmation of Submission (Intranet Quorum IMA00120332)**
3 messages

Office of U.S. Senator Dave McCormick(imailagent) <casework@mccormick.senate.gov>        Thu, Apr 16, 2026 at 10:52 AM
To: vespinoza0391@gmail.com

DAVID McCORMICK                                                                  **COMMITTEES**
PENNSYLVANIA                                                              ENERGY AND NATURAL RESOURCES

McCORMICK.SENATE.GOV                                                           FOREIGN RELATIONS
                                                                          BANKING, HOUSING,
                                                                          AND URBAN AFFAIRS
                               **United States Senate**                    SPECIAL COMMITTEE ON AGING
                                WASHINGTON, DC 20510                            JOINT ECONOMIC

                                        April 16, 2026

Dear Mr. Espinoza,

Our office has submitted an inquiry on your behalf to USCIS and will continue to monitor the status of your case closely. Response times can vary depending on the agency's internal processes and caseload.

We will follow up with you when we receive a reply. We remain committed to keeping you informed throughout the process. If you have any questions or receive any updates in the meantime, please do not hesitate to reach out.

Thank you for allowing our office the opportunity to assist you.

Sincerely,

Casework Team

702 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510-3808
(202) 224-6324

| 310 GRANT STREET | 200 NORTH THIRD STREET | 2000 MARKET STREET | 329 INNOVATION BOULEVARD | 17 SOUTH PARK ROW | 840 WEST HAMILTON STREET | 417 LACKAWANNA AVENUE |
| SUITE 2416 | SUITE 14A/14TH FLOOR | SUITE 610 | SUITE 226 | SUITE B-150 | SUITE 301 | SUITE 303 |
| PITTSBURGH, PA 15219 | HARRISBURG, PA 17101 | PHILADELPHIA, PA 19103 | STATE COLLEGE, PA 16803 | ERIE, PA 16501 | ALLENTOWN, PA 18101 | SCRANTON, PA 18503 |
| (412) 803-7370 | (717) 231-7540 | (215) 405-9660 | (814) 257-0314 | (814) 240-5213 | (610) 782-9470 | (570) 941-0930 |

Victor Espinoza <vespinoza0391@gmail.com>                                           Fri, Apr 17, 2026 at 12:04 PM
To: "Office of U.S. Senator Dave McCormick(imailagent)" <casework@mccormick.senate.gov>

Thank you so much, I really appreciate your help with this matter.

Best,

Victor Espinoza, M.S.E.E.
[Quoted text hidden]

Victor Espinoza <vespinoza0391@gmail.com>                                          Mon, May 18, 2026 at 11:44 AM
To: "Office of U.S. Senator Dave McCormick(imailagent)" <casework@mccormick.senate.gov>

Hello,

I'm reaching out to see if you were able to get a response from USCIS regarding my case. Unfortunately my EAD has expired and I'm currently unable to work.

Thank you for understanding,

Victor Espinoza, M.S.E.E.

J

Exhibit J

Subject: USCIS OLIA - Submission Received (Constituent Name: Victor Espinoza Bernal)
Date:    Friday, April 24, 2026 at 10:09:57 AM Eastern Daylight Time
From:    STARS Congressional
To:      Newport, Kaitlyn (Fetterman)



U.S. Citizenship
and Immigration
Services

Thank you for your submission. Your inquiry has been received and is being reviewed by the National Benefit Center Office.

This inquiry is regarding:
Primary Member of Congress: John Fetterman
Primary Staffer: kaitlyn newport
Description: Mr. Bernal contacted our office regarding his I-821D renewal and I-765 applications. Mr. Bernal's current I-765 expires in less than a month, which would put him into unpaid administrative leave and potentially lead to unemployment which would create great financial hardship. Our office is reaching out to request expedited processing on Mr. Bernal's behalf. Please see the attached request and supporting documentation. Thank you!
I-821D: IOE9035443041
I- 765: IOE9035443042
First Name: Victor
Middle Name: Espinoza
Last Name: Bernal
Date Of Birth: 01/03/1991
Inquiry Issue: Expedites
Inquiry Type: Casework
Form Number: I821D
Form Type: I-821D Deferred Action for Childhood Arrivals
Receipt Number: IOE9035443041

Should you have any questions regarding your inquiry, please reach out to the National Benefit Center Office and refer to the following inquiry number: 43371739

Thank you,

USCIS Office of Legislative Affairs

Please do not remove the following when replying to this email:
Service Item Number: 43371739

**Subject:** Your inquiry 43371739 has been forwarded to a new office.

**Date:** Friday, April 24, 2026 at 11:52:10 AM Eastern Daylight Time

**From:** STARS Congressional

**To:** Newport, Kaitlyn (Fetterman)



U.S. Citizenship
and Immigration
Services

Thank you for your inquiry 43371739 concerning I-821D Deferred Action for Childhood Arrivals.

According to U.S. Citizenship and Immigration Services (USCIS) records, OLIA Nebraska Service Center (NSC/LIN) has jurisdiction over this case, Therefore, we have forwarded your inquiry to the OLIA Nebraska Service Center (NSC/LIN) for review and direct response to you.

For further assistance, please contact the OLIA Nebraska Service Center (NSC/LIN) directly.

Thank you,

Office of Legislative Affairs

K

Exhibit K

6/15/26, 10:54 AM                          Gmail - USCIS Service Request Confirmation

 Gmail                          Victor Espinoza <vespinoza0391@gmail.com>

## USCIS Service Request Confirmation
1 message

**USCIS** <USCIS-CaseStatus@dhs.gov>                          Fri, Jun 12, 2026 at 3:43 PM
To: vespinoza0391@gmail.com

Date: June 12, 2026

Dear VICTOR ESPINOZA BERNAL,

Thank you for your inquiry, submitted on June 12, 2026, asking about the processing of your I821D CONSIDERATION OF DEFERRED ACTION FOR CHILDHOOD ARRIVALS. We have received your request and assigned it an Inquiry ID (T1B1632603280RPA) that we will use for referencing any subsequent messages. USCIS may require at least 60 days to process your request.

USCIS makes every effort to process cases within the projected timeframes listed on the Case Processing Times webpage. If you have not already created a USCIS online account, we encourage you to, so that you can track your case status and receive updates from USCIS at any time. Information on how to create a USCIS online account can be found on my.uscis.gov.

Thanks once again for contacting USCIS.

Please do not reply directly to this message. This email account is used by USCIS only to send messages notifying applicants and petitioners that we have received their inquiry.

------------------

We offer many online services and tools to help you find the information you need, including:

Check your current case status

Ask about your case

Schedule an appointment

Ask our virtual assistant Emma

Address Changes: If you move, please visit our website for information on how to update your address.

We encourage you to use the online self-service tools within your USCIS online account. You can track the status of your case, update your address, reschedule a biometrics appointment, and for many account holders respond to Requests for Evidence and more using an online account.

If you try our online tools including the technical Help Form and require additional support, you can call the USCIS Contact Center at 800-375-5283 or 800-767-1833 (TDD for the hearing impaired), for assistance.



Exhibit L

New Message

All Messages

June 4, 2026
VICTOR ESPINOZA BERNAL, I want to
request expedited processing on my case

April 9, 2026
VICTOR ESPINOZA BERNAL, Welcome to
your inbox

## VICTOR ESPINOZA BERNAL, I want to request expedited processing on my case

🖨 Print

**Form:** I-821D

**Receipt number:** IOE9035443041

**ZIP code:** 19133

**Phone number:** (352) 422-7851

**Text messages:** Yes

**Service item:** 43936932

VE    Me
      June 4, 2026

# M

Exhibit M

# JPMorganChase

Vandana Dubay
Vice President
Corporate Technology (CT)

Nebraska Service Center
850 S Street, Lincoln, NE 68508

Re: USCIS Expedite Processing Request
Applicant: Victor Cesar Espinoza Bernal
Receipt #: IOE9035443042, IOE9035443041

Please be advised that Victor Cesar Espinoza Bernal currently employed with JPMorganChase at Wilmington Delaware Technology Center. The employee has been employed in their current capacity since January 6,2026 as an Associate Software Engineer II.  This letter is with respect to I-765, Application for Employment Authorization for JPMorganChase, which was filed on 12/10/2025 and has been pending adjudication. The employee's current EAD expired on 5/12/2026.

In accordance with U.S. law, JPMorganChase verifies the right to work for each individual employed by our firm in the U.S. and does not permit our U.S. employees to work without first verifying their I-9 acceptable documents. In cases where an employee is unable to provide an I-9 acceptable document, our firm removes that individual from U.S. payroll – either by placing that employee on an unpaid leave of absence, or by termination of employment. As such, we kindly request an expedite on the process of the applicant's EAD renewal.

Sincerely,

*V S Dubay*
Vandana Dubay
vandana.dubay@jpmchase.com

# Your uploads

You may upload additional evidence that you believe may assist USCIS in adjudicating your application, even if the evidence was not specifically requested. USCIS will consider the timeliness and relevance of unrequested evidence when making a decision about your case.

| File | Document | Date added |
|---|---|---|
| Espinoza_Writ_of_Mandamus.pdf | Other | June 25, 2026 |
| JPMC_expediteRequest.pdf | Other | June 8, 2026 |
| JPMC_email2.jpeg | Other | June 4, 2026 |
| Congressional_Inquiry_Fetterman.pdf | Other | June 4, 2026 |
| caseInquiry.jpg | Other | June 4, 2026 |

N

Exhibit N

 **Gmail**                                    Victor Espinoza <vespinoza0391@gmail.com>

## CIS Ombudsman Request Number 20260209759 for Victor Espinoza Bernal

1 message

**cisombudsman** <cisombudsman@hq.dhs.gov>                              Fri, Jun 5, 2026 at 6:09 PM
To: Victor Espinoza Bernal <vespinoza0391@gmail.com>

Dear Victor Espinoza Bernal,

Thank you for submitting a case assistance request on <u>DHS Form 7001, *Request for Case Assistance*</u> to the Department of Homeland Security's (DHS) <u>Office of the Citizenship and Immigration Services Ombudsman (CIS Ombudsman)</u>. For your records, a copy of the information you shared with us is below. **Please also see the Consent section below to determine whether we need you to send us a scanned copy or photo of the DHS Form 7001 with your signature in Section 9.**

We are an independent office within DHS and are not part of U.S. Citizenship and Immigration Services (USCIS). This means we do not have access to your immigration file. Submitting a DHS Form 7001 to our office does not pause or delay the time you have to appeal a USCIS decision or respond to a request or notice from USCIS.

**Supporting documentation:** If you have not uploaded documentation that supports your request for case assistance, you may do so in two ways:

- *Option 1:* Go to the <u>Upload Requested Documents *(after submitting your request)*</u> tab on our online DHS Form 7001 page. Enter your CIS Ombudsman Request Number and email address, upload your documents, and then submit them.
- *Option 2:* Reply to this email and attach the requested documents. Please note, we may send you a request for information if your attachment does not come through due to size limitations or the virus scan.

**Family members also experiencing difficulties?** If you included the receipt numbers for your family member(s) in this request and would like our assistance with your family member(s)' case, **each family member needs to submit their own DHS Form 7001 with supporting documentation to our office. We will** *only* **be able to review and submit an inquiry for you for the primary form receipt.** If you submitted a separate DHS Form 7001 for your family member(s), please reply to this email and provide the name(s) of your family member(s) and associated CIS Ombudsman Request Number(s) to link your requests together.

**Need help with more than one pending form?** If you need our assistance with more than one form, please submit a separate DHS Form 7001 for each receipt number and reply to this email to provide the subsequent CIS Ombudsman Request Number(s) to link your requests together. For example, if you would like our help with a pending Form I-130, *Petition for Alien Relative*, and a pending Form I-589, *Application for Asylum and for Withholding of Removal*, you must submit two separate DHS Forms 7001. However, if you are seeking our help with concurrently filed petitions that are still pending—such as Form I-130 and Form I-485, *Application to Register Permanent Residence or Adjust Status*—you may file just one DHS Form 7001 as long as you include the Form I-130 receipt number, the Form I-485 receipt number, and consent from both the petitioner and beneficiary.

**How soon will we take action on your request?** The CIS Ombudsman works first on requests that fall under one of our priority issues. Due to the volume of requests we receive, our office is temporarily prioritizing requests where the description provided in Section 2 of the form involves:

- Undelivered USCIS notices or decisions – Such as receipt notices, requests for evidence, appointment notices, or denial notices where USCIS' Case Status Online page indicate that it issued one, or instances where the

U.S. Postal Service returned a card or document to USCIS as non-deliverable.

- Aging out of eligibility – Certain cases where the beneficiary may "age out" of eligibility for the requested immigration benefit. See USCIS' Child Status Protection Act (CSPA) webpage for additional information.
- U.S. military personnel – Certain cases involving U.S. military personnel and their families.
- Improper rejections – Applications and petitions that were improperly rejected by USCIS due to clear errors of fact or obvious misapplication of the relevant law.
- Typographical errors – Typographic errors (such as the wrong name or date of birth) in immigration documents, such as Green Cards or employment authorization documents.
- Emergency or hardship – Certain cases involving an emergency or a hardship that fall under the USCIS expedite criteria.
- Expedites – Expedite requests that were approved, and the agency has not issued a notice or decision on your pending form within the last 45 days.
- Transfers to the Department of State – Delays in sending approved petitions to the Department of State.

Our goal is to assign these types of requests to one of our analysts within 14 business days. For other types of requests, our review and response time may be further delayed. If the issue described in Section 2 of your form indicated that your case has been pending past the USCIS inquiry date (which may be different from the processing times USCIS posts on its website), we will still review your request and reach out to USCIS, but these requests are assigned in a first-in, first-out order. We will continue to work with USCIS leadership to address its lengthy delays—across various form types—as a systemic issue.

**Next steps:**
We will contact you as soon as one of our immigration law analysts has the opportunity to review the description and documentation you provided with your DHS Form 7001.

- If a document you uploaded with the DHS Form 7001 did not make it to us because of size limitations or virus scan, our analyst will reach out to you via email to ask that you resubmit the document.
- Use the Check the Status of Your Request tab on our online DHS Form 7001 page at any time to see where your request is in our process.
- Please note that if you previously submitted a DHS Form 7001 with our office for the same receipt number **and** the initial request remains pending with our office, we will close your most recent case assistance request to avoid duplication.

**Reminders:**

- **Response Deadlines and/or Appeal Rights:**
  - **Please be mindful that filing a request for case assistance with the CIS Ombudsman does *not* protect your appeal rights or extend any USCIS deadlines you may face.**
  - If you received a request for evidence or other notice requesting information, you must respond to USCIS with the requested information within the timeframe noted on the notice, even if you disagree with the request.
  - If you received a denial notice and believe there is clear USCIS error, you should file an appeal or motion to reopen or reconsider, as appropriate, to protect your appeal rights.
  - If you believe there is clear USCIS administrative error with a denial, please provide copies of the denial notice, original submission, appeal and/or motion receipt notice or copy of submission with supporting documentation and delivery confirmation to us by replying to this email. See USCIS' Notice of Appeal or Motion and Questions and Answers: Appeals and Motions pages for information.
- **Consent:**
  - We will not be able to communicate with you further, and your request for case assistance will be closed, if we do not receive proper consent from the benefit requestor (i.e., the individual who signed the submitted form to USCIS) or if the protected individual's address or attorney information does not match USCIS systems.

- o  If the benefit requestor did not provide proper consent, or if you did not include a copy of Form G-28, *Notice of Entry or Appearance as Attorney or Representative*, when you submitted this request for case assistance, please reply to this email with a scanned copy of Section 9 of DHS Form 7001 or the Form G-28, respectively.
- o  **Unrepresented individuals who have applied for, or who were granted, T, U, VAWA, or refugee status** submitting this request *must* submit a copy of the wet signature on Section 9 of DHS Form 7001.
  - ▪  In addition, the address for unrepresented individuals *must match the address in USCIS systems*, and we will communicate with you via U.S. mail only in the future, to comply with confidentiality provisions.
  - ▪  If you need to update your address with USCIS, USCIS has special procedures for you to update your address. See USCIS' Change of Address Procedures for VAWA/T/U Cases and Form I-751 Abuse Waivers page for instructions.
- o  **Attorneys or accredited representatives** must have previously submitted a properly executed Form G-28 to USCIS.
- **Change of Address:**
  - o  If you have moved or plan on moving, you must notify USCIS. See USCIS' How to Change Your Address webpage for more information. For most individuals, the easiest way may be to do so via USCIS' new Enterprise Change of Address self-service tool or via USCIS' Online Change of Address webpage, where you can submit Form AR-11 and update your address for pending applications or petitions at the same time. The U.S. Postal Service does not forward secure documents such as a permanent resident card or employment authorization document to a new address, so USCIS must receive your new address before it orders and prints a decision or other notice.
- **Emergency travel:**
  - o  If you have an urgent need to travel, you may wish to submit an expedite request or consider applying for an emergency advance parole travel document. For instructions on how to request an emergency advance parole travel document, please view USCIS' website on Emergency Travel. You will need to provide documentation that supports the urgent need for international travel.
- **Duplicate pending congressional inquiries:**
  - o  To avoid duplication of effort and potentially delaying USCIS' adjudication of your case, we will close your request for case assistance when USCIS has confirmed that they have also received a congressional inquiry for the same receipt number(s) and issue.

Thank you in advance for your patience and understanding.

Sincerely,

U.S. Department of Homeland Security
Office of the Citizenship and Immigration Services Ombudsman
202-357-8100 | 1-855-882-8100

**P.S. Is your address up to date with USCIS?** Don't miss important USCIS mail (such as an appointment notice, decision, employment authorization document (EAD), or lawful permanent resident (LPR) card). Even if you already changed your address with the U.S. Postal Service, you still need to update your address directly with USCIS. Go to USCIS' Change of Address page for additional information on how to update your address for any pending applications or petitions with USCIS.

> **Citizenship and Immigration Services Ombudsman – Case Assistance (DHS Form 7001)**

| CIS Ombudsman Request Number: | 20260209759 |
|---|---|

### Applicant/Beneficiary/Petitioner

| | |
|---|---|
| **Name:** | Victor Espinoza Bernal |
| **Contact Information:** | 2215 N HOWARD ST<br><br>PHILADELPHIA Pennsylvania19133<br><br>Primary E-mail Address (to receive Ombudsman updates): vespinoza0391@gmail.com<br>Phone:  3524227851<br>Fax:<br>Please Send any future correspondences through the U.S. Postal Service: No |
| **Date of Birth:** | 1/3/1991 |
| **Country of Birth:** | Peru |
| **Alien Registration Number:** | A204-760-056 |

### Application/Petition Information

| | |
|---|---|
| **Application/Petition Information:** | USCIS Receipt Date: 12/10/2025 12:00 AM |
| | USCIS Form: I-821D- Consideration of Deferred Action for Childhood Arrivals |
| | Receipt Number: IOE9035443041 |
| | Form Category: Renewal |
| **Type of Immigration Benefit Sought:** | Other<br>I-821D and I-765 |

### Reason(s) for Requesting Case Assistance

| | |
|---|---|
| **Reason(s) for Requesting Case Assistance:** | Mailing issues, including non-delivery of correspondence and/or immigration documents: No<br>Beneficiary may "age-out" of eligibility for the requested immigration benefit. Consult the Child Status Protection Act website: No<br>Certain cases involving U.S. military personnel and their families: No<br>Applications or petitions that were improperly rejected by USCIS due to clear errors of fact or obvious misapplication of the relevant law by USCIS: No<br>Typographic error(s) on immigration documents: No<br>Individual is in removal proceedings before an immigration court with a hearing scheduled within six months AND has an application/petition pending before USCIS that could impact the outcome: No<br>Lost files and/or file transfer issues: No<br>Certain cases involving an emergency or a hardship that falls under USCIS expedite criteria: No<br>Priority-2 Direct Access Program: No<br>Systemic issue(s) that should be given higher level review:  No<br>Case is at least 30 days past published processing times (e.g., at least 30 days past the receipt date for a case inquiry with USCIS): Yes |

| | Case has no posted processing times, and my case has been pending for more than six months: No<br><br>Other (specify): No |
|---|---|
| **Description:** | Case is pending and outside of normal processing time (3.5 months), EAD has expired on 5/12/2026. |

**Prior Actions Taken**

| | |
|---|---|
| **Actions Taken with USCIS for Resolution** | Requested assistance from USCIS using its e-Request tool: No<br><br>Emailed the lockbox: No<br>Contacted USCIS at its toll-free number 1-800-375-5283: Yes<br>    43657275<br>    5/14/2026 12:00 AM<br>For refugee applicants: No<br>For T visa, U visa, or Violence Against Women Act (VAWA) benefits: No<br>Other: Yes<br><br>Please Describe: - Submitted renewal application 12/10/2025 for I-821D and I-765<br>- receipt numbers : IOEIOE9035443041 and IOE IOE9035443041<br>- Senator Dave McCormick congressional case inquiry on 4/16/2026 - no response from USCIS<br>- Senator John Fetterman expedited request 4/24/2026 - no response from USCIS (reference number 43371739)<br>- EAD expired 5/12/26<br>- 5/14/2026 case inquiry - no response from USCIS (reference number 43657275) |
| **Other Actions Taken** | Contacted a U.S. government department or agency for assistance: No<br><br>Contacted a U.S. congressional representative for assistance: Yes<br>    4/16/2026 12:00 AM<br>Submitted an inquiry through a non-governmental organization or bar/trade association: No<br>Filed an appeal or motion challenging a USCIS decision denying benefits: No |

**Attorney/Accredited Representative**

| | |
|---|---|
| **Attorney/Representative Information:** | Phone:<br><br>I have submitted a Form G-28 to USCIS as the attorney/accredited representative regarding applications or petitions related to this inquiry. A copy of my Form G-28 is attached. No<br><br>I am an accredited representative of a religious, charitable, social service or similar organization established in the United States and recognized by the Board of Immigration Appeals pursuant to 8 CFR 292.1. The name and address of my organization is provided above. No<br><br>I am an attorney and a member in good standing of the bar of the highest court of the following State, territory, insular possession, or District of Columbia and |

am not under a court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law. [y/n value from field] [text entry from field(s) added to OCA for state/court] No

Other: No

| | Supporting Documentation |
|---|---|
| Supporting Documentation: | **Do not mail original documents. Only mail copies of documents.**<br><br>The following 5 documents were submitted with your request for case assistance:<br><br>caseInquiry.jpg<br>Congressional_Inquiry_Fetterman.pdf<br>processing_time.jpg<br>receiptNotice1.pdf<br>receiptNotice2.pdf |
| | Verification |
| Signature: | Victor Cesar Espinoza Bernal |



Exhibit O

6/16/26, 6:07 PM                                                    Gmail - Your recent inquiry

 Gmail                                         Victor Espinoza <vespinoza0391@gmail.com>

---

## Your recent inquiry
1 message

**USCIS** <USCIS-CaseStatus@dhs.gov>                               Tue, Jun 16, 2026 at 10:54 AM
To: vespinoza0391@gmail.com

U.S. Department of Homeland Security
USCIS Customer Support

Washington, DC 20529

U.S. Citizenship and Immigration Services Tuesday, June 16, 2026

Dear VICTOR ESPINOZA BERNAL:

On 06/12/2026, you or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

Caller indicated they are:
-- Applicant or Petitioner

Case type:
-- I821D

Referral ID:
-- T1B1632603280RPA

Type of service requested:
-- Check Case Processing

The status of this service request is:

Dear VICTOR ESPINOZA BERNAL,

This is a follow up message to your inquiry T1B1632603280RPA, submitted on 12/10/2025, notifying us that your case is taking longer than expected.

We reviewed your case and the application, petition, or other request you filed is still pending. We have determined that your immigration benefit request has not been pending longer than what is normal for the specific request type. Please be assured we are handling your request with the care and dedication it deserves. Once we take action on your application, petition, or other request, we will send a notice to your address on record.

Please log in or create a USCIS online account so you can track your case status and receive updates from USCIS at any time. Information on how to create a USCIS online account is available at myaccount.uscis.gov/create-account.

We appreciate your continued patience.


Please do not reply directly to this message. This email account is used by USCIS only to send messages to notify applicants and petitioners.